## C. T. WORD v. LON D. MARRS.

Decided October 22, 1904.

**Evidence—Matter Not Pleaded—Sale of School Land.**
Plaintiff purchased of defendant a tract of State school land, assuming to pay the balance due the State thereon, and having ascertained afterwards that the amount due the State was in excess of what defendant represented it to be, sued defendant to recover for such excess. Defendant testified that after the sale, when plaintiff was paying off certain notes, not then due, executed to him, defendant, for the purchase price of the land, defendant stated that he wanted this settlement to be final as to all claims between them on account of the alleged misrepresentation as to what was due the State. Held that, in the absence of such matter having been pleaded in defense, the admission of the evidence was error.

Appeal from the County Court of Potter. Tried below before Hon. J. N. Browning, Special Judge.

*Turner & Boyce* and *Bowman & Merrill,* for appellant.

*Reeder & Cooper,* for appellee.

CONNER, CHIEF JUSTICE.—In the purchase from appellee of certain lands and cattle in August, 1901, appellant assumed to pay the balance due the State of Texas as purchase money on a section of State school land involved in the sale, and he instituted this suit to recover the sum of $320, which he alleged he was required to pay to the State in excess of the amount appellee, before the sale, represented to be due. The evidence tends to show that one J. H. Wills, whom appellant alleges was appellee's agent, at and prior to the sale in question, represented that there was due the State on said section of school land but $1.50 per acre, whereas appellee's application to purchase and his obligation was for $2 per acre, which latter amount was required of appellant before he could secure patent. Appellee denied making any representations, and contends that Wills was not his agent for the sale of the land in question, but admits that he so acted in the sale of the cattle involved in the transaction. Upon the issues so indicated the verdict and judgment was in appellee's favor, hence this appeal.

Upon the trial appellee was permitted to prove by his own testimony and by appellant upon cross-examination that subsequent to the sale and prior to the institution of the suit, when appellant paid to appellee certain promissory notes given by him as part of the consideration of the sale stated, not at the time due, that appellee stated that he wanted the settlement then made to be final as to all claims between himself and appellant on account of the alleged misrepresentation as to what was due the State on the section of land mentioned. Appellant objected to this testimony as irrelevant and immaterial and because not pleaded, and we think the objections well taken. If the matter complained of could in any event be construed as a bar to appellant's claim it should certainly have been so pleaded, otherwise the conversation was irrelevant and im-

material and we think well calculated to mislead the jury to appellant's prejudice. See Mims v. Mitchell, 1 Texas, 447; Eborn v. Zimpelman, 47 Texas, 503; Griffis v. Payne, 92 Texas, 297.

While appellant's requested special charge number 3 seems applicable to some of the evidence, it nevertheless seems to present an issue of estoppel which was not pleaded, and we therefore feel unwilling to say that the court committed error in refusing to give this charge. Other assignments will not be noticed, but for the error discussed the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*